71 611
88 139

71 611
122 257

[No. 20253.   In Bank. — January 29, 1887.]

THE PEOPLE, RESPONDENT, v. ARMAND DEMOUS-
SET, APPELLANT.

ABDUCTION OF GIRL FOR PURPOSE OF PROSTITUTION — PREVIOUS UNCHASTITY — CONSENT. — In a prosecution, under section 267 of the Penal Code, for abducting a female child under the age of eighteen years for the purposes of prostitution, the fact that the child had been previously unchaste, or consented to be taken away, is not a defense, as the gist of the crime is the taking away of the child against the will of the person having lawful charge of her, for the purposes of prostitution.

ID. — FORCIBLE TAKING NOT NECESSARY. — To constitute the offense, the taking need not be forcible; it is sufficient if it was brought about by the inducements of the defendant.

ID. — WITNESS FALSE IN PART — INSTRUCTION TO DISTRUST ENTIRE TESTIMONY. — Where a certain witness has testified falsely upon a particular point, the court need not specifically direct the attention of the jury to such evidence, or instruct them that it is material, and if they believe it to be false, to distrust the entire testimony of the witness. A general instruction to distrust the entire evidence of any witness whom they find to have willfully sworn falsely upon any material point is sufficient.

ID. — IMMATERIAL EVIDENCE. — Certain evidence offered by the defendant to show that the child alleged to have been abducted had had previous illicit intercourse with her step-father, *held*, immaterial and properly excluded.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*James M. Dameron,* and *Lucien Shaw,* for Appellant.

*Attorney-General Johnson,* for Respondent.

The Court. — The defendant was convicted of the crime of abduction for the purposes of prostitution, and sentenced to serve a term of five years in the state prison under section 267 of the Penal Code, which reads as follows: "Every person who takes away any female under the age of eighteen years, from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable by imprisonment in the state prison not exceeding five years, and a fine not exceeding one thousand dollars."

The court instructed the jury as follows:—

"If from the evidence the jury believe that Augustine Coela was a female child under eighteen years of age, in the legal charge of her mother, and that the defendant took her away, as alleged in the information, for the purpose of prostitution, they should find the defendant guilty as charged."

It is claimed that this instruction is erroneous, because it omits the element of the previous chaste character of the female, and because it does not inform the jury that the taking must have been without the consent of the parent.

It will be observed that the section says nothing about the chastity of the female. The law is intended to protect the chaste and reclaim the erring, to protect parents and guardians in their custody and care of minor females, without regard to the character of such female for chastity, and the family from sorrow and disgrace.

We are not disposed, in the construction of this sec-
tion, to interpolate any phrase that will detract from its
effectiveness in this regard.

In other portions of its charge the court said to the
jury:—

"Before you can convict the defendant, you must be
satisfied to a moral certainty, not only that the defend-
ant took the girl away from her parents without their
consent, but also that he took her away for the purpose
of prostitution. The word 'prostitution' in the statute
does not mean sexual intercourse with some particular
man, or with one man only, but it means to offer freely
an⁴ openly to an indiscriminate, common intercourse
wi  ⌐en."

This charge, in connection with the language of the
instruction objected to,—" took her away, as alleged in
the information,"—is a sufficient answer to the second
ground of objection.

The court further instructed the jury:—

"The law does not require that the taking must be by
force. If the child was induced by the defendant to go
away from the custody and care of her mother, it is a
sufficient taking away under the statute."

It is said that this instruction is erroneous, in that it
leaves out of the case all question of the character of
the inducements, and does not even require that they
should have been used fraudulently. We think that the
instruction read in connection with the preceding in-
struction was correct. The court immediately before
had said to the jury: " The gist of this offense is the
taking away of the child against the will of the person
having lawful charge of her, for the purpose of prosti-
tution."

It is seldom possible for the court to give the whole
law of the case to the jury in one sentence. The charge
must be read in its entirety. In this instruction, the
court simply said to the jury that a physical carrying

away is not required to constitute the taking, but that inducements are sufficient.

The girl had given evidence to the effect that the defendant had administered drugs to her in order to cause her to submit to sexual intercourse some days prior to the time of the alleged abduction. The court was asked by the defendant to instruct the jury that this alleged giving of drugs was material, and that if she testified falsely upon that point, she was to be distrusted as to her whole testimony. The court refused to give such instruction, on the ground that it was calculated to mislead the jury, and was not supported by the evidence. The court, however, did instruct the jury: "If you find that any witness has willfully sworn falsely upon any material point, then the entire testimony of such witness is to be distrusted." We think this was sufficient. The jury may or may not have considered the conduct of the defendant on the occasion referred to as in any way bearing upon the question of guilt or innocence of the crime here charged. The court is not required to instruct the jury as to the materiality of particular circumstances. The ruling of the court on the admissibility of the evidence was a sufficient action on its part. It will be presumed the jury gave it proper consideration, as counsel for defendant states in his brief: " The circumstance did not necessarily prove any element of crime."

The defendant offered to show that the girl, Augustine Coela, had, prior to the alleged abduction, had sexual intercourse with a number of men. The offer was rejected, and an exception was reserved. We are unable to see how such testimony could be material. Want of chastity is no defense, and if the defendant could show that the girl made the first proposal, and went willingly with him, it would be immaterial; for the gist of the offense, as the court told the jury, " is the taking away

of the child against the will of the person having lawful charge of her, for the purpose of prostitution."

The defendant further offered to show that the girl had had illicit intercourse from time to time with her step-father, but the court excluded it. The girl had testified in substance that the defendant suggested to her that she should leave home, because he was afraid if she staid there her mother would find out what they had been doing, and that she should leave on the false pretense that her step-father was trying, or had tried, to have intercourse with her, and that she made all the trouble that arose on account of this charge, because she was afraid of the defendant, and without any real foundation for it, but solely on the suggestion and in consequence of the threats of the defendant.

The girl's mother testified that she consented to the girl going away from home because of this charge, and that the defendant supported or acquiesced in the truth of the charge.

The defendant claims that he never made any such proposition to the girl; but, on the contrary, that the girl voluntarily told him of it, and that he was much shocked to hear it; that her step-father had threatened to kill her on account of her statement to her mother that the step-father had attempted to have illicit intercourse with her, and that he, defendant, assisted her to get away because the step-father might kill her.

During the cross-examination of the girl's mother, counsel for defendant proposed to show that she, the mother, had permitted her daughter to sleep with the step-father, at the store, during seven or eight months in the year 1885, and to follow that up by showing that illicit relations existed between them, and that he wanted, at this point, to show the condition of things that existed. The offer was excluded, and the defendant excepted.

Caspar Shaffer, a witness called on behalf of defendant, was asked this question: —

" State to the jury if, during the month of January, 1885, while you were at the shop kept by yourself and Mr. Lorraine, you saw anything of an improper relation existing between the witness, Augustine Coela, and Mr. Lorraine, her step-father."

The question was objected to, the objection sustained, and an exception taken by the defendant.

Defendant offered to show by another witness that Augustine and her step-father had had sexual intercourse with each other during the month of September or October, 1885. The same ruling was made by the court, and an exception taken by the defendant.

We see no error in the exclusion of the testimony offered. The question to which it was addressed was collateral to the issue involved, and the evidence was accordingly immaterial.

The evidence supports the verdict.

The judgment is affirmed.

PATERSON, J., dissenting. — I dissent. Upon the testimony in the case, it became a most pertinent inquiry for the jury whether the girl was taken by the defendant to save her from the alleged criminal assaults by her step-father or for the purpose of prostitution. The girl had said to her mother that she would not remain, and had written to her that she would not return because she was afraid the father would "bother her again." On the witness-stand she said that her former statements in that regard were untrue, and that the story had been concocted by the defendant.

On which occasion did she tell the truth ? Did the defendant frighten her into the assertion of a false charge ? The mother testified that she heard the step-father say he would kill the girl if she told such things about him. Did this threat of the step-father frighten

the girl into giving false testimony by denying the truth of the charge she had made? Upon the determination of these inquiries must have depended largely the question of the defendant's motives, as well as the question of the mother's consent, and anything tending to show which statement was correct must be material. The conduct which was imputed to the step-father was most unreasonable, unnatural, and debased; and the story was correspondingly improbable and incredible. Upon its face it carried the badge of falsity. The jury would be slow to believe that the girl ever told the defendant such a story. If, however, the jury knew as a matter of fact that the statement was true, and that the mother knew it, much less weight would be given to the testimony of the mother and daughter upon the most important questions in the case, viz., whether the girl went with the consent of the mother, and whether defendant took her for the purpose of indiscriminate prostitution. If the defense of the defendant had been that he took the girl to save her from cruel and inhuman punishment, such as burning or tying up by the thumbs, and similar questions of veracity between himself and the girl had arisen, can it be doubted that the truth of the fact claimed might be proved to show that, however improbable and incredible his statement as to his reasons might appear to be, it is nevertheless true? While lewd conduct is no defense, it may often be an important and material circumstance tending to explain the taking away as well as to show the credibility of the witness upon some material matter to which she has testified, and to explain the motives of the defendant. I think that the evidence offered—to show the relations existing in fact between the step-father and the daughter—was most material for these purposes, and should have been admitted.

Rehearing denied.